### JIM LEWIS v. STATE.

No. A-647.   Opinion Filed September 19, 1911.

(117 Pac. 722.)

LARCENY—Grand Larceny—Punishment. Grand larceny is punishable by imprisonment in the state penitentiary not exceeding five years, and it is error for the court to instruct the jury that, in case they convict a defendant of grand larceny, the punishment cannot be less than confinement in the penitentiary for one year.

(Syllabus by the Court.)

*Appeal from District Court, Atoka County; A. T. West, Judge.*

Jim Lewis was convicted of grand larceny, and appeals. Reversed and remanded.

*J. E. Whitehead,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. Appellant, Jim Lewis, was prosecuted by indictment in the district court of Atoka county on the 9th day of September, 1909, charging him with the crime of grand

larceny, the stealing of a pocketbook and $66.35 of money, of the personal property of one Luster Martin. Trial was had on the 10th day of September, 1909, and a verdict of guilty returned; the jury fixing the punishment at imprisonment in the penitentiary for a period of one year and one day.

After the jury had retired to consider of a verdict, they returned into court and through their foreman inquired of the court what the minimum punishment would be under the law, should they find the defendant guilty. The court, over the objection and exception of appellant, instructed the jury as follows:

"Gentlemen of the jury: In the event you should find the defendant guilty, the least punishment provided by the statute will be imprisonment in the state penitentiary for not less than one year, nor more than five years."

The jury thereupon retired to deliberate upon their verdict, and afterwards returned into court the following verdict:

"We, the jury drawn, impaneled, and sworn in the above-entitled cause, do upon our oaths find the defendant, Jim Lewis, guilty as charged in the indictment, and assess his punishment at one year and one day in the state penitentiary."

Appellant assigns the giving of this instruction as error, both in the motion for a new trial and in the petition in error.

The trial court erred in giving the instruction complained of. Section 2595, Snyder's Comp. Laws of Okla. 1909, is as follows:

"Grand larceny is punishable by imprisonment in the state prison not exceeding five years."

No minimum punishment is fixed by the statute above quoted, and there is no statute of this state that provides that, where imprisonment in the penitentiary is fixed as the punishment for crime, the minimum term of such imprisonment shall be not less than one year, as instructed by the trial court. It was within the province of the jury to assess as punishment in this instance any fixed period of time not exceeding five years. It might have been as low as one hour, or even one minute.

It is but just to the judge who gave this instruction to state that prior to statehood the law in force in the section where this

cause was tried did provide that in all such cases the minimum punishment was as stated by the court. The trial judge doubtless had the old law in mind when he gave the instruction complained of. The Attorney General has confessed that the instruction given was erroneous.

The confession of error is sustained, and the judgment of the lower court is reversed, and the cause is remanded for a new trial.

DOYLE and ARMSTRONG, JJ., concur.